```
        UNITED STATES DISTRICT COURT FOR THE
            MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| MITCHELL EUGENE EDWARDS,    : | |
|             Petitioner   : | |
|                        : | CIVIL NO. 1:CV-06-1785 |
|        vs.               : | |
|                        : | (Judge Caldwell) |
| JOHN PALAKOVICH, *ET AL*.,    : | |
|             Respondents.   : | |

*M E M O R A N D U M*

*I.   Introduction*.

Petitioner, Mitchell Eugene Edwards, is an inmate at the Smithfield State Correctional Institution, in Huntingdon, Pennsylvania, serving a life sentence on a 1983 conviction for second-degree murder. We are considering his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction.

Respondents contend that the petition should be dismissed as time-barred. Our own review indicates, however, that we lack jurisdiction to address the petition because in 1991 we considered a habeas petition from Edwards challenging the same conviction. In these circumstances, we have the option of either dismissing the petition or transferring it to the court of appeals so that the Third Circuit can decide whether to authorize a second habeas petition. Because Respondents are correct that

the petition was filed untimely, we will dismiss rather than transfer.

*II.   Background.*

In November 1983, a jury in the Court of Common Pleas of York County, Pennsylvania, convicted Edwards of second-degree murder for the bludgeoning death of Joseph DiAngelo. On June 26, 1984, the trial court denied Edwards's post-trial motions. (Doc. 29-2, p. 59 to doc. 29-3, p. 9).[1]

Represented by new counsel, Petitioner took a direct appeal. The Pennsylvania Superior Court found six of the seven claims raised without merit, but held that the seventh claim, raising trial counsel's alleged ineffectiveness on numerous issues, could not be addressed as it required a hearing to resolve the factual issues the claim presented. On February 25, 1986, the superior court vacated the judgment and remanded the case for an evidentiary hearing.[2] (Doc. 30-1, pp. 55-62).

After a hearing, on November 2, 1987, the trial court concluded that Petitioner's trial counsel had not been ineffective

---

[1] References are to the CM/ECF pagination.

[2] The trial court considered this a PCHA hearing, for "Post Conviction Hearing Act," at the time the Pennsylvania statute governing postconviction challenges to criminal convictions. The PCHA was amended in 1988 and renamed the Post Conviction Relief Act (PCRA). *See* 42 Pa. C.S. § 9541 *et seq*.

in his representation of Petitioner.  (Doc. 31-1, pp. 53-79).  On October 27, 1988, the superior court affirmed and remanded for resentencing.  (Doc. 31-2, pp. 4-15); *see also Commonwealth v. Edwards*, 384 Pa. Super 639, 551 A.2d 593 (Pa. Super. 1988)(Table, No. 00116 HBG 88).  Edwards was resentenced on December 1, 1988, to a term of life imprisonment.  (Doc. 31-2, pp. 28-33).  The superior court affirmed, and on April 27, 1989, the Pennsylvania Supreme Court denied allocator.  (Doc. 32, p. 15); *see also Commonwealth v. Edwards*, 552 Pa. 573, 559 A.2d 34 (Pa. 1989)(Table, No. 288 M.D. 88).

On August 16, 1989, Edwards came to federal court, filing his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was denied a full, fair and adequate hearing on remand due to his PCHA counsels' ineffectiveness. *Edwards v. Vaughn*, No. 3:89-1452 (M. D. Pa.)(Caldwell, J.)  (Doc. 31-2, pp. 34-42).  On April 24, 1990, we denied the petition on the basis of his failure to exhaust state-court remedies.  On January 31, 1991, the Third Circuit affirmed.  *See* C.A. No. 90-5419 (3d Cir. Jan. 31, 1991).

On April 12, 1991, Edwards returned to state court, filing a PCRA petition, his first formal petition for postconviction relief.  The trial court denied this petition on May 22, 1991, on the ground that the issues raised were waived when not presented at the hearing on remand from direct appeal, the first

"PCRA" hearing in the trial court's view. (Doc. 31-2, pp. 59-66). Edwards did not appeal that decision.

On July 18, 1991, Edwards returned to federal court, filing his second federal habeas petition. *Edwards v. Vaughn*, 1:91-CV-0914 (M.D. Pa.)(Caldwell, J.). This time we denied the petition on the merits, although we decided that Edwards had defaulted his only federal claim, that trial counsel had been ineffective in not challenging the prosecutor's exclusion of African-Americans from the jury on the basis of race. The Third Circuit affirmed. See C.A. No. 92-7054 (3d Cir. April 17, 1992)(unpublished opinion).

On August 3, 2004, Petitioner filed a second PCRA petition which was "denied by operation of law." (Doc. 32, p. 15). He filed a third PCRA petition on August 10, 2005. (*Id*. at 14-18). On March 16, 2006, the Superior Court of Pennsylvania held that Edwards's PCRA petition was untimely and denied his appeal. (*Id*. at 60).[3]

Edwards filed his present habeas petition on September 13, 2006. Respondents argue it is time-barred.

---

[3] Edwards claims he filed another PCRA petition on January 1, 1996. (Doc. 31-2, pp. 67-86). Respondents assert that "there is no record of this Petition being filed or addressed by the York County Court of Common Pleas." (Doc. 23, Response to the Petition).

-4-

*III. Discussion.*

      A. *This Is a Second or Successive 2254 Petition Over Which the Court Lacks Jurisdiction.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prohibits the filing in the district court of a second or successive habeas petition under section 2254 unless the petitioner has first obtained permission from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005). A petitioner must follow this procedure even if the first petition was filed before the AEDPA was enacted. *See In re Minarik*, 166 F.3d 591, 599 (3d Cir. 1999). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). This is a matter of jurisdiction. *Id.* at 139-40; *see also Wilson v. York County Common Pleas Court*, 2005 WL 1229719, at *3 (M.D. Pa.) (district courts lack subject-matter jurisdiction over second or successive 2254 petitions absent certification from the court of appeals).

      Edwards's first federal petition was dismissed without prejudice for failure to exhaust state-court remedies. Thus, that

-5-

petition does not count as a second or successive one. *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997). However, Edwards's second petition was denied after a review on the merits. Thus, it counts as the first petition for the purposes of 2244(b)(3)(A). We therefore lack jurisdiction to consider the current petition.

> B. *The Petition Will Not Be Transferred Because It Is Untimely and a Transfer Would Thus Not Be in the Interest of Justice*.

We can dismiss this petition, or under 28 U.S.C. § 1631 we can transfer it "in the interest of justice." Although we could not base dismissal on the statute of limitations because of our lack of jurisdiction, *see Robinson*, *supra*, 313 F.3d 128 at 139 (statute of limitations is a merits defense that can only be considered after the court of appeals approves a successive petition), we can consider the limitations issue in deciding to transfer the petition. *See McDavis v. Vaughn*, 2006 WL 891134, at *2-3 (W.D. Pa.). Because Respondents are correct that the petition is time-barred, we will dismiss it rather than transfer it to the court of appeals. *Id.* Our decision not to transfer has no effect on Petitioner's right to apply to the Third Circuit for approval to file a successive petition.

The AEDPA, effective April 24, 1996, amended the federal habeas corpus statute by imposing a one-year statute of limitations on petitions filed under 28 U.S.C. § 2254, generally running from

the date a petitioner's conviction becomes final.  *See* 28 U.S.C. § 2244(d)(1)(A).  Edwards's conviction certainly became final no later than ninety days after April 27, 1989, the date the Pennsylvania Supreme Court denied allocator on his appeal after being resentenced.  *See Morris v. Horn*, 187 F.3d 333, 337 and n.1 (3d Cir. 1999).  When a prisoner's conviction became final before passage of the AEDPA, the limitations period ran until April 23, 1997, a year after the act's passage.  *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004).  Edwards thus had until April 23, 1997, to file his § 2254 petition, but the instant petition was not filed until September 13, 2006, nine years, four months and twenty-one days late.  Thus, the only way the instant petition can be deemed timely filed is if Edwards is entitled to statutory or equitable tolling of the limitations period.

Under § 2244(d)(2) of the AEDPA, the limitations period is statutorily tolled for "[t]he time during which a *properly filed* application for State post-conviction or other collateral review . . . is pending."  (emphasis added).  Thus, only a "properly filed" application for state postconviction relief tolls the limitations period under § 2244(d)(2).  A PCRA petition that is filed untimely is not "properly filed" so as to suspend the running of the limitations period, see *Pace v. DiGugliemo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814, 161 L.Ed.2d 669 (2005), and whether a state petition was untimely is a matter of state law that cannot be

reconsidered by a federal habeas court. *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006)("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.")(internal quotations omitted).

In the instant case, Edwards's direct appeal, his PCHA proceedings on remand and his 1991 PCRA petition were already resolved by the state courts by May 1991, well before the April 24, 1996, starting date for the limitations period.  Thus, none of these three proceedings tolled the period.  Petitioner's 2004 and 2005 PCRA petitions are also unavailing.  They were filed *after* the limitations period expired.  They were also deemed untimely under the PCRA by the state courts.

The only possible PCRA petition that could lend any statutory tolling assistance to Edwards is the PCRA petition he claims he filed on January 7, 1996, and which he claims is still pending.  However, Petitioner offers no evidence to support of this assertion.  Indeed, Respondents have represented that no record exists of this Petition as ever being filed or addressed by the York County Court of Common Pleas.  (Doc. 23, Response to the Petition).  Further, state courts addressing subsequent PCRAs do not mention this supposed 1996 PCRA petition.  Aside from submitting a copy of the alleged petition with his petition, (Doc.

-8-

10, pp. 19-42), Edwards offers no other proof of its existence, let alone evidence that it was "properly filed" with the state court system, which has no record of it.

Thus, on the record before us, there is no evidence to support statutory tolling of the limitations period on the basis of Edwards's filing of a January 1996 PCRA petition. Accordingly, Edwards is not entitled to statutory tolling.

Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstances' stood in [the] way." *Satterfield v. Johnson*, 434 F.3d 185, 188 (3d Cir. 2006)(quoting *Pace, supra,* 544 U.S. at 418, 125 S.Ct. at 1814).

In his traverse, Edwards suggests that the trial court erred when it construed the superior court's remand of his direct appeal as a PCHA matter. Edwards asserts this error resulted in the trial court's denying him the opportunity for appointment of counsel, and to file for collateral relief, when it denied his 1991 PCRA petition on the basis that the issues were waived by not being presented at the remand hearing. Edwards considers his 1991 PCRA petition his first PCRA petition. (Doc. 35, Traverse).

Presuming for the sake of argument that Edwards's theory is correct, it offers no explanation as to how this alleged error prevented him from filing a timely federal habeas petition. Clearly, Edwards was aware of this perceived error before April 23, 1997, the limitations deadline. Edwards has not presented any facts or argument to warrant a finding of "extraordinary circumstances" necessary to support the equitable tolling of the limitations period. *See Lawrence v. Florida*, ___ U.S. ___, ___, 127 S.Ct. 1079, 1085 (2007).

*IV.     Certificate of Appealability*.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner must obtain a certificate of appealability (COA) to appeal a final order denying a habeas corpus petition under 28 U.S.C. § 2254. A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When a court denies a petitioner's habeas claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483-484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). However, when a district court denies a petition on procedural grounds, a COA should issue if: (1) jurists of reason would find it debatable whether the petition states a valid claim of denial of a

constitutional rights; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, *supra*.

Here, jurists of reason would not find it debatable that this court was correct in its procedural ruling that: (1) this is a second or successive petition filed without the authorization of the Third Circuit Court of Appeals; and (2) the petition is untimely.  Consequently, no certificate of appealability will issue.

*V.    Conclusion.*

Based on the foregoing discussion, we will issue an order dismissing the petition for lack of jurisdiction.  The order will also deny a certificate of appealability, based on the above analysis.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 19, 2007

```
             UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA

   MITCHELL EUGENE EDWARDS,      :
                                 :
                Petitioner       :
                                 :   CIVIL NO. 1:CV-06-1785
          vs.                    :
                                 :   (Judge Caldwell)
   JOHN PALAKOVICH, ET AL.,      :
                                 :
                Respondents.     :
```

*O R D E R*

AND NOW, this 19th day of July, 2007, upon consideration of Petitioner's petition filed pursuant to 28 U.S.C. § 2254, based on the accompanying Memorandum, it is ordered that:

    1. The petition for writ of habeas corpus is dismissed without prejudice for lack of jurisdiction.

    2. All pending motions in this matter are denied as moot.

    3. A certificate of appealability is denied.

    4. The Clerk of Court shall close this file.

                                              /s/William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge